THE TIMKEN COMPANY, Plaintiff,

v.

UNITED STATES, Defendant,

Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A., Defendant–Intervenors.

Slip Op. No. 96–149.
Court No. 95–02–00214.

United States Court of International Trade.

Aug. 28, 1996.

Stewart and Stewart (Terence P. Stewart, James R. Cannon, Jr. and William A. Fennell), Washington, DC, for plaintiff.

Frank W. Hunger, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Jeanne E. Davidson, Assistant Director, and Laurel A. Loomis); of counsel: Kira M. Alvarez, Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Washington, DC, for defendant.

Powell, Goldstein, Frazer & Murphy (Peter O. Suchman, Richard M. Belanger, Neil R. Ellis, Niall P. Meagher and Todd J. Friedbacher), Washington, DC, for defendant-intervenor.

## OPINION

TSOUCALAS, Judge:

Plaintiff, The Timken Company ("Timken"), brings this action pursuant to Rule 56.2 of the Rules of this Court for judgment upon the agency record contesting the decision of the Department of Commerce, International Trade Administration ("Commerce"), to apply the scope determination entitled *Final Affirmative Determination in Scope Inquiry on Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof From Japan* ("*Scope Determination*"), 60 Fed. Reg. 6519 (1995), to only pending and future reviews.

### Background

On October 6, 1987, Commerce published an antidumping duty order covering tapered roller bearings ("TRBs") and parts thereof from Japan. *See Antidumping Duty Order; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan*, 52 Fed.Reg. 37,352 (1987). In July 1993, during the course of a review of the antidumping order covering the period of 1990–91, Timken submitted information to Commerce concerning certain forged rings imported by Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A. (collectively "Koyo") that were not being included in the scope of the antidump-

ing order because they were being misclassified as iron or steel forgings under subheading 7326.19.00 of the Harmonized Tariff Schedule of the United States ("HTSUS"). Thereafter, Customs informed Koyo that imported forgings should be classified as bearing parts under either subheading 8482.99.10 or subheading 8482.99.30 of the HTSUS rather than as iron or steel forgings.

On September 17, 1993, Koyo submitted a request that Commerce confirm that rough forgings, including tower forgings, hot forgings and cold forgings (collectively "rough forgings"), fall outside the scope of the subject order. In response, Commerce initiated a scope inquiry on September 28, 1993.

On December 9, 1993, Commerce issued its final determination in the administrative reviews for the periods of 1990–91 and 1991–92. *See Final Results of Antidumping Duty Administrative Reviews; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan and Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Components Thereof, From Japan,* 58 Fed.Reg. 64,720 (1993). On February 2, 1995, Commerce published its final determination regarding the scope inquiry. *See Scope Determination,* 60 Fed.Reg. at 6519. In reference to the effective date of the scope ruling, Commerce stated the following:

> A scope determination is, by law, a clarification of what the scope of the order was at the time the order was issued. Therefore, the Department will incorporate this decision into all pending reviews of this order as well as all future reviews.

60 Fed.Reg. at 6523.

Timken filed the present action on February 24, 1995, challenging Commerce's decision to apply the scope ruling to only pending and future reviews. On September 18, 1995, the Court denied Koyo's motion to dismiss this action. The United States Court of Appeals for the Federal Circuit dismissed Koyo's subsequent appeal on October 27, 1995.

## Discussion

The Court's jurisdiction in this action is derived from 19 U.S.C. § 1516a(a)(2) (1994) and 28 U.S.C. § 1581(c) (1994).

The Court must uphold Commerce's final determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)). "It is not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States,* 12 CIT 955, 962, 699 F.Supp. 300, 306 (1988), *aff'd,* 894 F.2d 385 (Fed.Cir.1990).

Timken contests Commerce's decision to limit the application of the scope determination to pending and future reviews. Timken maintains that the nature of a scope ruling is such that it cannot change the parameters of the subject antidumping duty order. As such, Timken argues that Commerce must calculate dumping margins and direct Customs to assess antidumping duties with respect to all merchandise within the scope of the antidumping duty order. Commerce's failure to do so, according to Timken, constitutes an abuse of discretion. Pl.'s Mem.Supp.Mot.J.Agency R. at 10–27.

Commerce responds by requesting a remand for the opportunity to further explain the rationale underlying its decision to apply the scope determination prospectively. Commerce suggests that the scope ruling does not provide a sufficient basis for review by the Court. Commerce claims that where a sufficient explanation on the record is lacking, the Court may remand the case for Commerce to provide a basis for its actions. Def.'s Resp. to Pl.'s Mot.J.Agency R. at 4–5.

Koyo, defendant-intervenor, opposes a remand contending that Timken failed to ex-

haust its administrative remedies. Koyo insists that this action represents the first time Timken has raised this issue despite requests from Commerce to address the application of the scope ruling. Thus, Koyo argues that Timken failed to comply with the exhaustion requirements of 28 U.S.C. § 2637(d) (1994). Koyo's Opp'n to Pl.'s Mot.J.Agency R. at 10–13. Koyo further submits that there is no provision of the antidumping law which provides for the relief sought by Timken. *Id.* at 13–18.

In rebuttal, Timken contends that a remand for Commerce to explain its position is inappropriate because the law does not give Commerce any discretion in this area. Timken submits that as a matter of law, scope determinations relate back to the date the original antidumping duty order was issued. Pl.'s Reply to Opp'n to Mot.J.Agency R. at 2–3.

■ As a preliminary matter, the Court finds that Timken properly exhausted administrative remedies before bringing the present action.[1] Koyo's arguments concerning exhaustion focus on language in a letter by Commerce dated February 25, 1994, instructing interested parties in the scope inquiry as follows:

> Interested parties should include in their written comments on the preliminary determination comments on how the Department should instruct Customs to implement its decision, should the final determination also be affirmative. Specifically, the parties should comment on end-use certification.

Koyo's Opp'n to Pl.'s Mot.J.Agency R., Ex. 3, P.R.Doc. No. 26. In its brief, Koyo quoted the language of this letter but omitted the reference to end-use certification. *See* Koyo's Opp'n to Pl.'s Mot.J.Agency R. at 10. Contrary to Koyo's assertions, this letter does not specifically request that the parties comment on prospective versus retroactive application of the scope ruling.

Further, it is clear from the record that Timken actively sought to have Koyo's forged TRB rings included within the scope

of the review. While Timken may not have specifically argued for retroactive application of the scope ruling, in its brief submitted during the scope proceeding on November 15, 1993, Timken argued that Commerce "should find that rough forgings have always been, and still are, covered by the scope of the original investigation." Pl.'s Mem.Supp.Mot.J.Agency R., Ex. A, P.R. Doc. No. 10, at 4. This language demonstrates that Timken intended the scope ruling to be applied to all imports subject to the original antidumping duty order. Thus, the Court concludes that Timken sufficiently raised this issue at the administrative level to satisfy the exhaustion requirement.

■ As for the merits of the case, the Court recently addressed the issue of the application of scope determinations in *FAG Kugelfischer Georg Schafer KGaA v. United States,* 20 CIT ——, ——, 932 F.Supp. 315, 319–20 (1996). In *FAG Kugelfischer,* Commerce defended its decision to apply a scope ruling retroactively. The Court agreed with Commerce's decision, finding that "[o]nce Commerce determines through a scope ruling that a particular product is indeed covered by the order, Commerce cannot exclude such merchandise from the order when determining the proper amount of antidumping duties." *FAG Kugelfischer,* 20 CIT at ——, 932 F.Supp. at 319.

However, in order to reach a judgment on the administrative record, the Court must have a basis for understanding the reasons for Commerce's actions. *See S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947); *see also NTN Bearing Corp. of Am. v. United States,* 19 CIT ——, ——, 903 F.Supp. 62, 71 (1995). In addition, where an explanation is lacking on the record, *post hoc* rationalization for Commerce's actions is insufficient. *See Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168–69, 83 S.Ct. 239, 245–46, 9 L.Ed.2d 207 (1962); *see also Sugiyama Chain Co. v. United States,* 19 CIT ——, ——, 880 F.Supp. 869, 874–75 (1995).

---

1. 28 U.S.C. § 2637(d) requires that "[i]n any civil action not specified in this section, the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies."

Commerce gave no indication on the record of its reasons for applying the scope ruling prospectively. Therefore, the Court will remand this action to give Commerce the opportunity to explain its rationale. However, as Commerce has argued before and as this Court has already decided, scope determinations merely clarify the scope of an existing order and, therefore, apply to all entries of merchandise determined to be within the parameters of the order. Thus, on remand, if Commerce is unable to articulate a specific reason for its decision to depart from the general rule regarding the application of scope rulings, it must revise the scope determination and apply it to all importations of merchandise subject to the antidumping order.

## Conclusion

For the foregoing reasons, the Court remands this case to Commerce to articulate a specific rationale for its decision to apply the scope ruling to only pending and future reviews. If Commerce is unable to do so, it must revise the scope ruling and initiate administrative review proceedings in order to apply the scope determination to all importations of merchandise covered by the antidumping order that have entered the United States subsequent to the suspension of liquidation and that have not previously been included in administrative reviews.

Remand results are due within ninety (90) days of the date this opinion is entered. Any comments or responses are due within forty-five (45) days thereafter. Any rebuttal comments are due within thirty (30) days after the date responses or comments are due.

## ORDER

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that this case is remanded to Commerce to provide a specific rationale on the record for its decision to apply the scope determination entitled *Final Affirmative Determination in Scope Inquiry on Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof From Japan,* 60 Fed.Reg. 6519 (1995), to only pending and future reviews; and it is further

**ORDERED** that if Commerce is unable to provide such an explanation, it shall revise the scope ruling and initiate administrative review proceedings in order to apply the scope determination to all importations of merchandise covered by the antidumping order that have entered the United States subsequent to the suspension of liquidation and that have not previously been included in administrative reviews; and it is further

**ORDERED** that the remand results are due within ninety (90) days of the date this opinion is entered. Any comments or responses are due within forty-five (45) days thereafter. Any rebuttal comments are due within thirty (30) days after the date responses or comments are due.