The **TIMKEN COMPANY**, Plaintiff,

v.

**UNITED STATES**, Defendant,

**Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A., Defendant–Intervenors.**

Slip. Op. 97–109.
Court No. 95–02–00214.

United States Court of International Trade.

July 31, 1997.

Stewart and Stewart (Terence P. Stewart, James R. Cannon, Jr. and Roberta K. Maixner), Washington, DC, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Velta A. Melnbrencis, Asst. Director), for defendant; Carlos A. Garcia, Attorney–Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of counsel.

Powell, Goldstein, Frazer & Murphy, L.L.P. (Peter O. Suchman, Neil R. Ellis and Elizabeth C. Hafner), Washington, DC, for defendant-intervenors.

## *OPINION*

TSOUCALAS, Senior Judge.

On August 28, 1996, this Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), one issue arising from the scope determination, entitled, *Final Affirmative Determination in Scope Inquiry on Antidumping Duty Order on Tapered Roller Bearings and Parts Thereof From Japan* ("*1995 Koyo Scope Ruling*"), 60 Fed.Reg. 6519 (Feb. 2, 1995). *See Timken Co. v. United States,* 20 CIT ——, ——, 937 F.Supp. 953, 956 (1996). In particular, the Court directed Commerce to provide a rationale for its decision to apply the 1995 Koyo Scope Ruling, which concluded that Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.'s (collectively "Koyo") rough forgings come within the scope of the A–588–604 order covering tapered roller bearings from Japan, to only pending and future administrative reviews. The Timken Company ("Timken") has moved for a second remand and Koyo has commented on the Remand Results.

On November 25, 1996, in compliance with this Court's order, Commerce filed its *Final Results of Redetermination Pursuant to Court Remand, Timken Co. v. United States. Slip Op. 96–149 (Aug. 28, 1996)* ("*Remand Results*"), with this Court. In the Remand Results, Commerce explained that it intends to apply the 1995 Koyo Scope Ruling to

entries of forgings for proceedings initiated, but not completed, prior to the date of the final scope determination. In essence, Commerce intends to apply the ruling to forging entries subsequent to October 1, 1992, the beginning of the 1992–93 administrative review. Commerce explains that its normal practice is to apply a scope determination beginning with the entire period of investigation during which entries of the scope merchandise were first suspended for antidumping purposes. As Customs had classified the forgings under a subheading not covered by the scope of the order in this case, there was no suspension of liquidation of forging entries before the spring of 1993. *Remand Results*, at 4–5. Moreover, Commerce contends its decision is in accord with *FAG Kugelfischer Georg Schafer KGaA v. United States*, 20 CIT ——, ——, 932 F.Supp. 315, 320 (1996). *Id.* at 6.

Timken claims Commerce should apply the scope determination to all forging imports from the time the antidumping duty order was published in 1987. Under 19 U.S.C. § 1675(a)(2) (1988), Timken emphasizes that, in its administrative reviews, Commerce is to review "each entry of merchandise subject to the antidumping duty order." *Timken's Motion for Second Remand Ordering Defendant to Act in Conformance with Slip Opinion No. 96–149 ("Timken's Motion ")*, at 4. Timken further notes that a scope determination is, by law, a clarification of what the scope of the order was at the time the order was issued, and cannot later be expanded or modified. *Id.* at 3 (citing *Timken Co.*, 20 CIT at ——, 937 F.Supp. at 954). Timken therefore reasons that it is unlawful to exempt Koyo forgings from the reviews covering imports between the publication of the order and October 1, 1992 from the consequences of the order because they have been found to be within the scope of the order. *Id.* at 3–9. Timken stresses that, assuming Commerce's reliance on the suspension date is relevant, forgings entered before October 1, 1992 that remain unliquidated should unquestionably be included within the scope of the order. *Id.* at 7–8. Finally, Timken claims that Koyo should not be rewarded for intentionally

evading the order at issue when any reasonable party would have presumed that forged rings were covered by the order. *Id.* at 9–11.

The Court sustains Commerce's decision to apply the 1995 Koyo Scope Ruling beginning with the entire period of investigation during which entries of the scope merchandise were first suspended for antidumping purposes. As a preliminary matter, the Court notes that the phrase "pending and future reviews," which appears to be the cause of confusion in this case, refers to *the beginning of the period of review during which Customs had suspended liquidation of the subject entries*, and does not include previously-liquidated entries.

This case is similar to *FAG*, 20 CIT at ——, 932 F.Supp. at 318–20, where this Court upheld Commerce's decision to apply an affirmative scope ruling to the entire period of review, even though Customs began suspension of liquidation at the time of the final scope determination. In *FAG*, the Court upheld Commerce's application of the scope determination beginning with the period of review where Customs had first suspended liquidation, stating that Commerce "cannot assess dumping duties against previously-liquidated merchandise, but is required to include sales information for the liquidated merchandise that is within the scope of the order for purposes of calculating assessment rates for remaining unliquidated entries and cash deposits for future entries." *Id.* at ——, 932 F.Supp. at 320. Hence, the *FAG* Court did not require Commerce to apply its affirmative scope determination all the way back to the beginning of the antidumping duty order at issue in that case, and did not require Commerce to re-open previously concluded administrative reviews to apply the scope ruling retroactively. *See id.* Similarly, in this case, Commerce properly exercised its discretion not to delay the issuance of the final results for 1990–92, which were practically completed at the time Koyo requested a scope determination, and applied the scope determination beginning with the 1992–93 review.[1]

1. Indeed, as Commerce notes, it intentionally

delayed the completion of the 1992–93 final re-

However, Timken correctly contends that the scope determination should apply to forging entries before October 1, 1992 that have not yet been liquidated, if any such entries exist. In this way, Commerce's methodology will remain consistent with this Court's stated position of applying an affirmative scope determination only to merchandise found to be within the scope of the order and not already liquidated. The Court, therefore, remands this issue to Commerce to obtain a status of forgings imported between the publication of the order and October 1, 1992 found to be within the scope of the antidumping duty order and not yet liquidated. The Court's remand for this limited purpose should in no way be construed as a re-opening or re-review of closed proceedings, as it solely encompasses forgings not yet liquidated.

Timken's suggestion that Koyo knowingly evaded duties that any "reasonable" party would have assumed covered by the order is meritless. As Commerce notes, the 1995 Koyo Scope Ruling was the culmination of one of the most complex, time-consuming and difficult scope determinations it has faced in recent years and necessitated two years of research, review and analysis. *See Remand Results,* at 12.

Finally, requiring Commerce to apply a scope ruling to all entries subsequent to the suspension of liquidation at the time of the original investigation is contrary to this Court's stated position regarding previously-liquidated merchandise, as Commerce would have to review sales information and the assessment of duties on entries that have already been liquidated. *See FAG,* 20 CIT at ——, 932 F.Supp. at 320; *Toyota Motor Sales, Inc. v. United States,* 17 CIT 841, 846,

829 F.Supp. 1364, 1369 (1993). Further, such a requirement would result in extensive administrative difficulties, entailing a re-review of old review periods, issuance of new questionnaires, collection of new data and re-verification of completed reviews every time a scope determination is issued. In sum, such a process would create perpetual uncertainty and would be contrary to the principle of finality.[2]

### Conclusion

Consequently, this case is remanded to Commerce to investigate the status of the forgings imported between the publication of the A–588–604 antidumping duty order and October 1, 1992, and found to be within the scope of that order by the 1995 Koyo Scope Ruling; if any such merchandise exists and is not yet liquidated, Commerce is to liquidate that merchandise under the A–588–604 order. Following compliance with this instruction, the Remand Results filed by Commerce on November 26, 1996 are affirmed.

### JUDGMENT

This Court having received and reviewed the *Final Results of Redetermination Pursuant to Court Remand, Timken Co. v. United States, Slip Op. 96–149 (Aug. 28.1996)* (*"Remand Results"*) (Nov. 25, 1996), it is hereby

**ORDERED** that this case is remanded to Commerce to investigate the status of the forgings imported between the publication of the A–588–604 antidumping duty order and October 1, 1992, and found to be within the scope of that order by the *Final Affirmative Determination in Scope Inquiry on Antidumping Duty Order on Tapered Roller*

---

view pending the outcome of the 1995 Koyo Scope Ruling so that, if the determination was affirmative, all forging imports from the time Customs suspended liquidation would be assessed with antidumping duties. *See Remand Results,* at 10–11.

**2.** Timken's assertion that the 1995 Koyo Scope Ruling is contrary to Commerce's 1990–91 and 1991–92 final results, which stated that it was "deferring" the issue of whether the forgings were covered by the order, is an attempt to reargue an issue it abandoned in earlier stages of this litigation. This Court has clearly stated that

"it would be contrary to the interest of justice to permit Timken to amend its complaint [to include this issue] because it ... abandoned it in it's motion for judgment on the agency record." *Timken Co. v. United States,* Court No. 94–01–00008, *Order,* at 3 (April 18, 1995). Nevertheless, Commerce's deferral of the issue did not constitute suspension, and is not inconsistent with applying the scope determination to "pending and future" reviews, but merely indicates Commerce was continuing to examine the proper classification of Koyo's forgings. By the time the scope determination was issued, these reviews had been concluded.

*Bearings and Parts Thereof From Japan,* 60 Fed.Reg. 6519 (Feb. 2, 1995); if any such merchandise exists and is not yet liquidated, Commerce is to liquidate that merchandise under the A–588–604 order; and it is further

**ORDERED** that, following compliance with this instruction, the Remand Results filed by Commerce on November 26, 1996 are affirmed; and it is further

**ORDERED** that, as all other issues have been decided, this case is dismissed.